# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LILLIE O. SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) Case No. CIV-13-617-F |
| | ) |
| CAROLYN W. COLVIN, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the court are the Report and Recommendation of United States Magistrate Judge Gary M. Purcell (doc. no. 16) and plaintiff's Objection to the Report and Recommendation (doc. no. 17). The magistrate judge recommended that the decision of the Commissioner of the Social Security Administration denying disability insurance and supplemental security income benefits be affirmed. Plaintiff makes three objections to the Report and Recommendation. First, she asserts that the report does not adequately consider her argument that the ALJ did not perform a proper residual functional capacity ("RFC") analysis. Second, she asserts that the report does not adequately consider her argument that the ALJ erred by not properly addressing her obesity. Third, she maintains that the report does not adequately consider her argument that the ALJ erred in his credibility analysis.

### RFC Analysis

Plaintiff complains that the ALJ found that plaintiff had a medically determinable impairment of asthma but did not consider ths impairment at steps four

and five, as required by 20 C.F.R. §§ 404.1545(a)(2) & 404.1545(e) and Wells v. Colvin, 727 F.3d 1061, 1068-69 (10th Cir 2013).  Plaintiff further states that the magistrate judge incorrectly stated that Smith did not "suggest that there is probative medical evidence in the record with respect to her asthma that was not expressly considered by the ALJ."  Report and Recommendation.

Plaintiff further argues that the ALJ erred by failing to impose any limitations stemming from her migraines and hypertension which he found severe at step two. This, plaintiff claims, was illogical, particularly when the vocational expert testified that limits associated with migraines and hypertension could preclude all jobs, citing Tr. at 72.  Plaintiff contends that the medical evidence of record – the sheer volume of migraine treatment visits – supports a limitation on plaintiff's RCF concerning absenteeism.  At the very least, plaintiff contends, the ALJ should have discussed what limitations he attributed to plaintiff's migraines.  She says that the ALJ merely dismissed this argument by relying on two office notes indicating plaintiff's headaches were better and under "improved control."  Plaintiff states that an impairment determined to be severe must significantly limit an individual's "physical or mental ability to do basic work activities," citing 20 C.F.R. §§ 404.152(a) & (b) and 416.920(a) & (b), so by definition the ALJ had to have found that plaintiff's migraines significantly limited her ability to "do basic work activities" to find that impairment severe at step two. The magistrate judge's assertion that "there is no medical evidence in the record that [Smith's] migraines headaches would cause her to be absent from work on a regular basis" is incorrect, plaintiff asserts, because plaintiff's treatment records, including numerous ER trips, constitute medical evidence of record that plaintiff's migraines would cause her to be absent from work on a regular basis.

Plaintiff also argues that the ALJ erred by discounting a finding by the state agency consulting psychologist that Smith could "not relate to others on a superficial

work basis." Tr. at 512. This finding was affirmed by another state agency psychologist, Tr. at 634, and the VE testified that this limitation would preclude substantial gainful activity. Tr. at 73. The ALJ dismissed this finding as a scrivener's error, plaintiff points out, and the magistrate judge dismissed plaintiff's argument concerning this finding by adopting the ALJ's rationale that this was nothing more than a scrivener's error. Report and Recommendation at 11-12. Because the reviewing psychologist didn't find this to be a scrivener's error, plaintiff asserts that at a minimum the ALJ should have sought clarification on this issue as this finding was crucial to plaintiff's claim for disability, citing 20 C.F.R. §§ 404.1520b(c) and 416.920b(c). Plaintiff asserts that the "scrivener error" logic could just as easily apply to the evidence cited by the ALJ and the magistrate judge as support for a scrivener error. In summary, plaintiff asserts that the ALJ failed to make an accurate determination of her RFC.

Regarding plaintiff's asthma, the ALJ specifically recognized that in making an RFC determination, the ALJ must consider all of the claimant's impairments, including those that are not severe. Tr. at 17. Addressing plaintiff's asthma, which the ALJ found to be non-severe, the ALJ stated as follows.

> The claimant has had minimal treatment for other medical problems including asthma. Her condition remains well controlled upon medications and inhalers. Despite her alleged respiratory complaints, the claimant continues to smoke cigarettes against medical advice. The claimant has obtained minimal follow-up treatment for this condition, suggesting that her medical treatment largely was for a temporary impairment or for one imposing no or slight limitations. Examinations have been largely normal. Therefore, for all such reasons described above, such impairment is not "severe" and does not impose additional limitation. . . .

Tr. at 18 (citations omitted). The ALJ's findings concerning plaintiff's asthma are supported by the medical evidence of record. The ALJ did not fail to consider

plaintiff's non-severe impairment of asthma at steps four and five to determine its impact on plaintiff's RFC. Rather, the ALJ found that that non-severe impairment imposed no limitations beyond those that plaintiff's severe limitations imposed. As the magistrate judge observed, a finding at step two that a medically determinable impairment poses no restrictions on a claimant's work activities obviates the need for further analysis at step four. Report and Recommendation at 7, quoting Wells v. Colvin, 727 F.3d 1061, 1065 n.3 (10th Cir. 2013).

Regarding plaintiff's migraine headaches, the ALJ at step four specifically considered the fact that "[b]etween July 23, 2006, and June 14, 2011, the claimant was seen for complaints of headaches at twenty-two emergency room visits." Tr. at 22. Plaintiff contends, based upon this evidence, the ALJ should have included a limitation in his RFC for absenteeism. However, twenty-two visits over a five year period represents 4.4 visits per year or approximately one visit every three months. Thus, if the plaintiff were required to continue to visit an emergency room for her migraine headaches with the same frequency, no limitation for absenteeism would be necessary. Plaintiff did testify that she was still experiencing migraine headaches three to four times per week despite regular preventive medication. However, the ALJ gave several reasons in his decision for finding plaintiff's testimony of severe, disabling pain and limitations not credible. The ALJ considered several factors in evaluating the plaintiff's credibility, including her daily activities, medications, extensiveness of medical treatment, and the consistency of plaintiff's testimony with objective medical evidence. *See* SSR 96-7p, 1996 WL 374186 at *3 (setting forth relevant factors in credibility analysis); Hamlin v. Barnhart, 365 F.3d 1208, 1220 (10th Cir. 2004) (ALJs "should consider" factors set forth in SSR 96-7p). The ALJ did not err in failing to include any limitation imposed by plaintiff's migraines for purposes of determining plaintiff's RFC.

Plaintiff contends that the ALJ should have included limitations in the RFC assessment for plaintiff's hypertension. The magistrate judge considered this argument. The court agrees with the magistrate judge's findings related to this argument. Specifically, the record reveals that plaintiff was first prescribed medication for hypertension in January 2012, Tr. at 668-69, and nothing in the record indicates that plaintiff's hypertension was not controlled with medication. And there is no medical evidence in the record showing any functional limitation related to hypertension beyond those set forth in the ALJ's RFC assessment. Moreover, plaintiff does not point to any medical evidence supporting any limitation imposed by her hypertension impairment.

The state agency's initial consulting psychologist found in her Mental Residual Capacity Assessment that plaintiff was only moderately limited in her "ability to interact appropriately with the general public." Tr. at 511. Yet in her explanation of her summary conclusions in narrative form, the psychologist stated "claimant cannot relate to others on a superficial work basis." Tr. at 512. However, the psychologist also stated "claimant can adapt to a work situation" *Id.* It thus seems obvious, as the ALJ found and the magistrate judge agreed, that "cannot" was a scrivener's error. It is true, as plaintiff points out, that the state agency's reviewing psychologist affirmed the initial MRCA. *See* Tr. at 634. However, the reconsideration was primarily to determine whether there was a "worsening of clt's mental condition" and the finding was that the MER (medical evidence of record) did not substantiate worsening of the claimant's medical condition. *Id.* The reviewing psychologist also found the initial MRFC assessment ratings and decision "reasonable as per overall MER." *Id.* Hence, the reviewing psychologist was focused on whether the initial psychologist's MRFCA was consistent with the overall medical evidence of record and whether the medical evidence of record substantiated a worsening of the plaintiff's medical condition, and

not on whether the initial psychologist's narrative explanation of her summary conclusions was consistent with her summary conclusions. Hence, the fact that the reviewing psychologist did not notice what, considered in context, was obviously a scrivener's error, is not material. The initial state agency consulting psychologist would not have found plaintiff's ability to interact appropriately with the public to be only moderately limited and would not have further found that the plaintiff could adapt to a work situation if plaintiff could not "relate to others on a superficial work basis." Thus, the court, like the ALJ and the magistrate judge, concludes that the word "cannot" was a scrivener's error and that what the psychologist intended to write was that "claimant <u>can</u> relate to others on a superficial work basis." And the reviewing psychologist simply didn't focus upon or overlooked this scrivener's error.

<u>Effect of Plaintiff's Obesity</u>

Plaintiff next asserts that the magistrate judge did not "properly" consider plaintiff's argument that the ALJ did not "properly" evaluate her RFC in light of her obesity. In this regard, plaintiff suggests that the ALJ's RFC was improperly based on assumptions about the severity or functional effects of [Smith's] obesity combined with [her] other impairments," which is forbidden by SSR 02-1p, 2000 WL 628049 at *6. Plaintiff further complains that the ALJ's discussion of the impact of plaintiff's obesity at step three was merely boilerplate and did not contain any real analysis of the effects of Smith's obesity on her migraines, back disorder, osteoarthritis and hypertension as contemplated in SSR 02-1p. She also faults the ALJ for failing to identify at step four what effect plaintiff's obesity had on her RFC. Plaintiff states that if the ALJ concluded that plaintiff's obesity required no limitations in his RFC at step four, he should have explained this in detail and because he did not, reversal is required. In summary, plaintiff states that because the "ALJ's decision reflects that

the ALJ did not properly consider Smith's obesity either alone or in combination with other impairments," objection at 11, the decision must be reversed.

Plaintiff then faults the magistrate judge for dismissing plaintiff's argument on the basis that the record does not contain any explicit evidence that Smith's obesity imposed limitations on her ability to perform work-related activities, citing the Report and Recommendation at 8. To this plaintiff states that the regulations do not impose such a requirement. She states that the regulations and SSR-02-1p require that Smith's obesity be considered "regardless of whether she associated any specific limitations to her obesity." Objection at 12.

The ALJ found that plaintiff's obesity was a severe impairment. Tr. at 18. The ALJ recognized in his decision that plaintiff's obesity was Level III or "extreme" and that obesity alone may impose limitations in exertional functions, postural functions, in the ability to manipulate objects, or to tolerate extreme heat, humidity or hazards, as well as the fact that the combined effects of obesity with other impairments can be greater than the effects of each impairment considered separately. Tr. at 19. The ALJ specifically stated that "[t]he effects of the claimant's obesity have been considered in determining a residual functional capacity for the claimant and in whether the claimant's condition meets or equals a listing." *Id.* Obviously, the ALJ considered plaintiff's obesity <u>in conjunction</u> with her other impairments to determine that she had the residual functional capacity finding described, *see* Tr. at 21, because there is no medical evidence in the record ascribing a particular physical limitation to obesity in and of itself and plaintiff has not pointed to any limitation imposed by her obesity alone. Specific findings as to the effects of plaintiff's obesity on her migraine headaches, her back disorder, osteoarthritis and hypertension were unnecessary and, on the record in this case, impossible to make. In summary, the court finds no error in the evaluation of the effects of plaintiff's obesity on her RCF.

## Credibility

Finally, plaintiff argues that the magistrate judge did not adequately consider her argument that the ALJ erred by failing to make a "proper" credibility assessment. In this regard, plaintiff argues that the ALJ based a significant amount of his credibility assessment "on his belief that Smith failed to follow her doctor's advice," objection at 13, particularly regarding smoking. Plaintiff also faults the ALJ for relying "extensively"on plaintiff's ability to perform routine daily activities without considering the sporadic nature of those activities. She further states that the ALJ should have considered plaintiff's subjective complaints, as if the ALJ didn't. Plaintiff also faults the ALJ for never mentioning that a psychologist who examined plaintiff at the request of the state agency noted that plaintiff exhibited "[n]o evidence of exaggeration or malingering." Tr. at 470.

In this case, the ALJ found that the plaintiff's "statements concerning the intensity, persistence and limiting effects of . . . symptoms [of her medically determinable impairments] are not credible to the extent they are inconsistent with the residual functional capacity assessment." Tr. at 29. Throughout pages 7 through 15 of his decision, Tr. at 21-29, the ALJ considered plaintiff's credibility in light of her failure to follow medical advice, take prescribed medications, follow through with mental health care, inconsistencies between plaintiff's descriptions of her symptoms and conditions and medical findings as well as plaintiff's daily activities, and her "generally unpersuasive appearance and demeanor while testifying at the hearing." Tr. at 29. The ALJ properly made findings regarding the credibility of plaintiff's statements about her symptoms and their functional effects. *See* SSR 96-7p, 1996 WL 374186 at *1. "Credibility determinations are peculiarly within the province of the finder of fact, and [courts] will not upset such determinations when supported by substantial evidence." Diaz v. Secretary of Health & Human Services, 898 F.2d 774,

777 (10th Cir. 1990). Here, the ALJ's credibility determinations were supported by substantial evidence, the ALJ considered the entire case record and gave specific reasons for discounting plaintiff's complaints of disabling pain or symptoms, *see* SSR 9607p, 1996 WL 374186 at *4, and the ALJ closely and affirmatively linked his credibility findings to substantial evidence. *See* McGoffin v. Barnhart, 288F.3d 248, 1254 (10th Cir. 2002).

In accordance with the foregoing, the Report and Recommendation of the magistrate judge (doc. no. 16) is **ADOPTED**, and the decision of the Commissioner denying disability insurance and supplemental security income benefits to plaintiff is **AFFIRMED**.

Dated this 3rd day of September, 2014.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

13-0617p002.wpd